# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### MICHAEL HENDERSON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 06-02-0169    Joe H. Walker, III, Judge**

---

**No. W2006-01798-CCA-R3-HC  - Filed March 26, 2007**

---

The Petitioner, Michael Henderson, appeals the lower court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to comply with the procedural requirements for seeking habeas corpus relief and has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Michael Henderson, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Petitioner, Michael Henderson, alleges that he was indicted for one count of attempt to commit aggravated robbery, one count of attempt to commit first degree murder, one count of first degree premeditated murder, one count of first degree felony murder and one count of especially aggravated robbery.  He maintains that, in May 2004, he entered guilty pleas to one count of second degree murder and one count of attempt to commit first degree murder.  He further states that he

1

received sentences of twenty-five years and fifteen years respectively for these offenses. He is currently confined at the Hardeman County Correctional Facility in Whiteville, Tennessee, where he is serving these sentences.

On July 11, 2006, the Petitioner filed a petition for habeas corpus relief in the Hardeman County Circuit Court. As grounds for relief, the Petitioner alleged that the judgments of conviction were void due to "[a] violation of constitutional rights, violation of due process, violation of equal protection and various amendment rights." The Petitioner generally complained that he received the ineffective assistance of counsel and that the evidence was insufficient to support his convictions." Specifically, the Petitioner maintained that (1) the actions upon which he was convicted were justified due to the intoxication of the victim, (2) he did not have the proper mental state to support his convictions and (3) he was never positively identified as the perpetrator. Additionally, the Petitioner complained that the crime scene was not properly processed. A copy of the toxicology report was attached to the petition defective indictment.

In an order entered July 17, 2006, the lower court dismissed the petition, concluding that the Petitioner had failed to attach the judgment forms causing the restraint or a copy of the record of the proceedings. Additionally, the lower court determined that the Petitioner's allegations, *i.e.*, "[h]e complains that his attorney did not appeal the case . . ., [h]e complains that [he] never had premeditation and did not intend to harm . . . , [h]e complains that the toxicology report showed the victim tested positive for narcotics.," "are [not] the subject of a habeas corpus petition." The Petitioner filed a timely notice of appeal document.

The determination of whether to grant habeas corpus relief is a question of law. *McLaney v. Bell,* 59 S.W.3d 90, 92 (Tenn.2001), *overruled in part by Charles G. Summers v. State,* --- S.W.3d ----, No. M2004-02806-SC-R11-HC (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman v. State,* 153 S.W.3d 19-20 (Tenn. 2004). The formal requirements for an application for habeas corpus relief are codified at 29-21-107, Tennessee Code Annotated, and a trial court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements . . . ." *Hickman,* 153 S.W.3d at 21. In the present case, the Petitioner failed to adhere to the mandatory requirements for habeas corpus petitions. Specifically, the Petitioner failed to include copies of the judgments of conviction under which he claims he is illegally detained. *See* T.C.A. § 29-21-107(b)(2). This reason alone provides adequate justification for the trial court's summary dismissal of the petition.

Notwithstanding the procedural disqualification of the petition, the lower court properly found that the petition failed to state a ground for habeas corpus relief. The Petitioner's challenges to trial counsel's performance, the sufficiency of the convicting evidence and the processing of the crime scene are issues that would render a judgment voidable, not void, and, thus, may not constitute a ground for habeas corpus relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20 . Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE

3